IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DR. JESSIE L. NICHOLS,                      )
                                            )
    Plaintiff,                          )
                                            )      CIVIL ACTION NO:
v.                                          )      cv-26
                                            )      JURY DEMAND
                                            )
ALABAMA COMMISSION ON                       )
HIGHER EDUCATION,                           )
                                            )
    Defendant.                          )

# COMPLAINT

## I.    INTRODUCTION

1.    This is an action for legal and equitable relief to redress sex and race/national origin discrimination against Plaintiff, Dr. Jessie L. Nichols. The suit is brought to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a, which provide for relief against sex discrimination (female) and race/national origin discrimination (Native American) in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II.   **JURISDICTION AND VENUE**

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202 and 29 U.S.C. §2601.

3.     A substantial portion of the unlawful employment practices alleged hereinbelow were committed by Defendant within Montgomery County, Montgomery, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4.     Plaintiff filed her Title VII race/national origin and sex discrimination claims with the EEOC within one hundred eighty (180) days of her discriminatory treatment and filed this lawsuit within ninety (90) days of her receipt of the Dismissal and Notice of Rights from the EEOC.

5.     Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## III.   **PARTIES**

6.     Plaintiff, Dr. Jessie L. Nichols (hereinafter "Nichols" or "Plaintiff"), is a Native American female citizen of the United States and a resident of the State of Alabama.  At all times relevant to this lawsuit, Plaintiff was employed by Defendant at its offices in Montgomery County, Montgomery, Alabama.

7.     Defendant, Alabama Commission on Higher Education (hereinafter "ACHE" or "Defendant"), is an employer doing business in this district. At all times relevant to this action, Defendant is an employer within the meaning of Title VII of

2

the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

## IV.   ADMINISTRATIVE EXHAUSTION

8.     Plaintiff has satisfied all conditions precedent to the filing of this legal actions as required by Title VII.

9.     On November 14, 2025, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunities Commission against Defendant (420-2026-00572).

10.     Plaintiff subsequently received her Determination and Notice of Rights from the EEOC dated January 26, 2026, and timely filed this complaint within ninety (90) days of the receipt of said Notice.

## V.   STATEMENT OF FACTS AND CLAIMS

11.     Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12.     Plaintiff was employed with Defendant as a Communications and Governmental Relations Coordinator.  Plaintiff is a Native American female.  Dr. Jim Purcell was aware of Plaintiff's Native American status and often stated to others that Plaintiff was Cherokee and an actual member of the Cherokee tribe.  Dr. Purcell also stated that due to Plaintiff's ethnicity she should be able to find a new job with no problem because most people like stacking diversity in their organization.

3

13.     In this position with Defendant, Plaintiff performed all her job duties and responsibilities in a satisfactory manner.

14.     On October 1, 2025, Plaintiff's supervisor, Dr. Dolan, gave Plaintiff and Teresa Smiley, the Executive Director of the HBCU Consortium, permission to leave an event forty-five (45) minutes early. Dr. Dolan did not convey this information to Dr. Purcell, but instead falsely made it out to Dr. Purcell as if the two had left the event without permission.

15.     On October 16, 2025, Plaintiff received her six-month appraisal from Dr. Purcell, Executive Director of Alabama Commission on Higher Education, and it stated that Dr. Nichols "met standards," but that her probationary period was being extended for an additional six months.

16.     On October 22, 2025, Plaintiff wrote a Rebuttal to the Appraisal pointing out all of the violations to Defendant's policies and procedures regarding her extended probationary period.

17.     On October 28, 2025, Plaintiff met with Dr. Purcell and Jacina Whitehurst, Office Manager with human resources duties and responsibilities, to discuss the extension to her probationary period and rebuttal.  During the meeting, Dr. Purcell informed Pliantiff that "it" was not working out and that she would have 60-90 days to secure other employment.

18.    There was no further information provided to Plaintiff as to why "it" was not working out by either Dr. Purcell or Ms. Whitehurst.

19.    On December 15, 2025, Dr. Purcell provided Plaintiff a letter stating that her last day of employment with Defendant would be January 30, 2026, and by December 30, 2025, she would need to have her desk cleaned out and work from home for the duration of her employment. Again, no further information was provided to Plaintiff.

20.    There were two Caucasian males, Jason Head, Data Analyst, and Fred Strickand, IT Programmer, who did not "meet expectations" on their probationary evaluations. Instead of being terminated as Plaintiff was, Dr. Purcell moved them to other positions within ACHE and allowed them to work until they chose to leave ACHE employment.

21.    Additionally, another Caucasian male, Stephen Mims, IT Programmer, who is a long-time employee with ACHE has been engaged in numerous heated arguments with Dr. Purcell and other staff members without so much as a documented counseling session, write-up, reprimand or termination; however, Plaintiff was terminated because "it was not working out."

22.    Most recently, Caucasian male, Scott Corey's six-month evaluation was not completed in July of 2025 as called for in ACHE's Personnel Policy and

5

Procedures manual; however, when the state auditor pulled his personnel file, the six-month evaluation was back dated and placed in file August 2025.

22.    Defendant has a pattern and practice of treating Caucasian males differently than Plaintiff and other female and Native American employees in the way its policies and procedures are administered, including 6 month evaluations, the disciplinary policy and terminations.

## FIRST CAUSE OF ACTION: SEX DISCRIMINATION PURSUANT TO TITLE VII

23.    Plaintiff re-alleges and incorporates by reference paragraph 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24.    Plaintiff is a female who brings this claim of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991.

25.    Based on the totality of the facts presented above, Plaintiff has been discriminated against because of sex in her termination from Defendant. These facts, which create a convincing mosaic of sex discrimination, include, but are not limited to, statements made by management and decision makers regarding Defendant's reason for Plaintiff's termination, the falsity of Defendant's reason(s) for Plaintiff's termination, and evidence of preferential treatment given to male employees.

26.    Defendant's proffered reasons for termination were pretext for sex discrimination.

27.    As a result of this discriminatory treatment, Plaintiff suffered damages

in the form of lost wages, emotional distress, and other compensatory damages.

28.     Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

29.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, nominal damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: RACE/NATIONAL ORIGIN DISCRIMINATION PURSUANT TO TITLE VII

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail hereinbelow.

31.     Plaintiff brings this claim for race/national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991.

32.     Plaintiff is a natural born citizen of the United States and has Native American status as a member of the Cherokee Tribe.

33.     Based on the totality of the facts presented above, Plaintiff has been discriminated against because of her Native American status by Defendant. These facts, which create a convincing mosaic of race/national origin discrimination, include, but are not limited to, evidence of preferential treatment given to non-Native

7

American employees, repeated comments referencing her Native American status and Plaintiff being terminated for a pretextual reason while similarly situated non-Native American employees were treated better and not terminated.

34.    Defendant's proffered reasons for termination were pretext for race/national origin discrimination.

35.    As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

36.    Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

37.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.    **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3.      Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, punitive and compensatory damages and/or nominal damages.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL
TRIABLE ISSUES.

Respectfully submitted,

**/s/ _Kevin W. Jent_**
Kevin W. Jent
Counsel for Plaintiff
WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com

**<u>DEFENDANT'S ADDRESS</u>**
To be Served via Certified Mail

Alabama Commission on Higher Education
100 North Union Street
Montgomery, Alabama 36104-3758